UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
EDUARDO DUARTE,

                Plaintiff,

  -against-

TOKYO DISTRIBUTORS, LTD., ARDAVAN SARAFIAN, SHAHRYAR BARATIAN, and JOHN and JANE DOE (said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the named Defendants),

                Defendants.
---------------------------------------------------------X

**Docket No.:**

**COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, **EDUARDO DUARTE**, by his attorneys, **MADUEGBUNA COOPER, LLP**, for his complaint herein alleges:

### I. THE NATURE OF THIS ACTION

1. This is an action for injunctive relief, declaratory judgment, and money damages to remedy gross and unlawful employment practices pursuant to the Fair Labor Standards Act of 1938 (the "FLSA") §§ 6, 7(a)(1), 16, 29 U.S.C.A. §§ 206, 207(a)(1), 260, and the New York Labor Law (the "NYLL") §§ 652(1), 663(1).

2. On a fundamental level, this case illustrates the importance of the fair wage laws: although working long weekly hours for over twenty (20) years while he was employed by the Defendants, Plaintiff was continually and intentionally underpaid, which duly interfered with Plaintiff's and his family's minimum standard of

living, efficiency, and general well-being.

3. Indeed, Defendants continued to underpay Plaintiff even after he repeatedly complained to them that his pay fell below the minimum pay mandated by law.

4. Instead, Defendants ignored Plaintiff's pleas and the law in order to exploit Plaintiff's labor.

5. Accordingly, this action is being brought to vindicate Plaintiff's rights under the law.

6. Plaintiff contends that his pay, during the relevant times, fell below the statutory minimum wage for the regular and/or overtime hours that he worked for Defendants.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 216(b).

8. This Court has supplemental jurisdiction over the state causes of action pleaded.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant Tokyo Distributors has a principal office in this district and a number of the underlying events took place in this district.

### III.     PARTIES

10.     At all relevant times, Plaintiff Eduardo Duarte ("Plaintiff") was an employee of Defendant Tokyo Distributors, Ltd.

11.     At all relevant times, Plaintiff was (and is) a resident of the State of New York.

12.     At all relevant times, Plaintiff met the definition of "employee" and/or "eligible employee" under all applicable statutes.

13.     At all relevant times, Defendant Tokyo Distributors, Ltd. ("Tokyo"), a registered New York Corporation (DOS ID #: 1678985), was founded in 1992 and is a distributor of consumer electronics.

14.     Defendant Tokyo has offices in New York City, including one located at 33-35 West 13th Street, New York, New York 10011.

15.     Upon information and belief, at all relevant times, Defendant Ardavan Sarafin ("Sarafin") is or has been an owner of Defendant Tokyo.

16.     Upon information and belief, at all relevant times, Defendant Sarafin is or has been one of the ten largest shareholders of Defendant Tokyo.

17.     Upon information and belief, at all relevant times, Defendant Sarafin is or has been the Chief Executive Officer of Defendant Tokyo.

18.     Upon information and belief, by virtue of his position, at all relevant times, Defendant Sarafin is personally liable for all debts, wages or salaries due

and owing to the Plaintiff, for services performed by Plaintiff for Defendant Tokyo.

19. Upon information and belief, at all relevant times, Defendant Sarafin owned, controlled and managed operations at Defendant Tokyo.

20. Upon information and belief, at all relevant times, Defendant Sarafin has the power and exercised the power to hire and fire employees.

21. Upon information and belief, at all relevant times, Defendant Sarafin hired employees of Defendant Tokyo, including Plaintiff.

22. Upon information and belief, at all relevant times, Defendant Sarafin determined Plaintiff's rate and method of compensation and often signed and distributed his paychecks, at Defendant Tokyo.

23. Upon information and belief, at all relevant times, Defendant Sarafin set Plaintiff's work schedules, instructing him when to come in to work and when to leave work.

24. Upon information and belief, at all relevant times, Defendant Sarafin also controlled several other terms and conditions of Plaintiff's employment.

25. At all relevant times, Defendant Sarafin is Plaintiff's "employer" as that term is defined by the FLSA and NYLL.

26. At all relevant times, Defendant Shahryar Baratian ("Baratian") is or has been an officer of Defendant Tokyo.

27.     Upon information and belief, at all relevant times, Defendant Baratian is or has been one of the ten largest shareholders of Defendant Tokyo.

28.     Upon information and belief, at all relevant times, Defendant Baratian is or has been an owner of Defendant Tokyo.

29.     Upon information and belief, at all relevant times, Defendant Baratian is or has been the President of Defendant Tokyo.

30.     Upon information and belief, at all relevant times Defendant Baratian has signed Plaintiff's paychecks from the account of Defendant Tokyo.

31.     At all relevant times, Defendant Baratian was Plaintiff's direct supervisor.

32.     By virtue of his position, at all relevant times, Defendant Sarafin is personally liable for all debts, wages or salaries due and owing to the Plaintiff, for services performed by Plaintiff for Defendant Tokyo.

33.     At all relevant times, Defendant Sarafin owned, controlled and managed operations at Defendant Tokyo.

34.     At all relevant times, Defendant Sarafin has the power and exercised the power to hire and fire employees.

35.     At all relevant times, Defendant Sarafin hired employees of Defendant Tokyo, including Plaintiff.

36. At all relevant times, Defendant Sarafin determined Plaintiff's rate and method of compensation and often signed and distributed his paychecks, at Defendant Tokyo.

37. At all relevant times, Defendant Sarafin set Plaintiff's work schedules, instructing him when to come in to work and when to leave work.

38. At all relevant times, Defendant Sarafin also controlled several other terms and conditions of Plaintiff's employment.

39. At all relevant times, Defendant Sarafin is Plaintiff's "employer" as that term is defined by the FLSA and NYLL.

## IV. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

*Plaintiff's Employment Duties At Defendant Tokyo:*

26. Plaintiff began working at Defendant Tokyo on February 14, 1994.

27. Plaintiff worked for Defendant Tokyo until he voluntarily quit on March 31, 2015, due to being continuously and unlawfully underpaid during his entire employment.

28. At all relevant times, Plaintiff was employed by Defendant Tokyo in a non-managerial capacity and did not supervise any employees.

29. At all relevant times, Plaintiff's exclusive employer was Defendant Tokyo.

30. At all relevant times, Plaintiff used Defendant Tokyo's equipment to

discharge his employment duties.

31. At all relevant times, Plaintiff was supervised exclusively by Defendant Baratian and/or another employee(s) of Defendant Tokyo.

32. At all relevant times, Plaintiff was principally employed as a delivery driver for Defendant Tokyo.

33. At all relevant times, Plaintiff was never afforded any safety equipment when loading and unloading the merchandise he delivered for Defendant Tokyo.

34. At all relevant times, while loading merchandise into the delivery truck Plaintiff drove, on behalf Defendant Tokyo, which was at all times owned by Defendant Tokyo, Plaintiff had to single-handedly walk up and down flights of stairs carrying heavy equipment.

35. In addition, at all relevant times, Plaintiff also acted as a salesman and money collector for Defendant Tokyo.

36. At all relevant times, Plaintiff duly discharged his employment responsibilities.

*Plaintiff is Systematically Underpaid By Defendants:*

37. At all relevant times, Plaintiff was paid on a salary basis – that is, he was paid a predetermined amount, regardless of the number of weekly hours he worked.

38. At all relevant times, Plaintiff received his pay check weekly on Fridays.

39. At all relevant times, Plaintiff worked not less than sixty (60) hours per work week.

40. At all relevant times, Plaintiff was never allowed to take a vacation.

41. At all relevant times, Plaintiff was never afforded leave to take a single sick day.

42. From time-to-time during his employment with Defendant Tokyo, Plaintiff was threatened with termination by Defendants and/or their agents if he missed a day of work.

43. At all relevant times, therefore, Plaintiff never missed a day of work while employed by Tokyo.

44. From March 2010 to his last day of employment on March 31, 2015, Plaintiff was paid, per week, $213.57 by check and $360.00 in cash, for a total of $573.57.

45. Plaintiff received this $573.57 weekly pay regardless of the number of hours that he worked in a given week, from March 2010 to March 31, 2015.

46. Plaintiff never received additional pay for the overtime that he worked, during this time period.

47. During this time period, Plaintiff's regular rate of pay was

approximately $9.56 per hour. He was, therefore, owed $14.34 in overtime pay for every weekly hour that he worked beyond forty (40).

48. From time-to-time, and throughout his employment, Plaintiff brought his unlawfully low compensation to the attention of Defendant Baratian, who refused to increase his salary.

49. Prior to March 2010, Plaintiff was paid, per week, $213.57 by check and $100 in cash, for a total of $313.57, even though he worked approximately and at least sixty (60) hour weeks.

50. During this time period, Plaintiff was paid $313.57 regardless of the number of hours that he worked, in a given week, which was far below the minimum wage.

51. To date, Defendants have not fully compensated Plaintiff for the hours, including overtime hours, that he worked while in the employ of Defendant Tokyo.

52. Accordingly, Plaintiff brings this action in order to remedy the harms he suffered as a result of Defendants' unlawful actions toward him.

### AS AND FOR A FIRST COUNT ON BEHALF OF PLAINTIFF
**(Pleading a Cause of Action for Violation of the FLSA, 29 U.S.C.A. § 207(a)(1).)**

53. Plaintiff repeats and realleges each allegation in each numbered paragraph above.

54. For the period of July 2013 to March 31, 2015, Plaintiff is owed, not

including liquidated damages, approximately $8,415.44:

    a. Plaintiff worked approximately and at least sixty (60) hours per week, but only earned a salary of $573.57 for discharging his employment duties; Plaintiff was never paid at a time-and-a-half rate for working approximately twenty (20) hours overtime, per week;

    b. Plaintiff's regular rate of employment was approximately $9.56 per hour of normal pay and $14.34 for his time-and-a-half pay; Plaintiff should have earned, therefore, $669.20 per work, during this time period;

    c. Plaintiff is therefore owed approximately $95.63 ($669.20 - $573.57) for each week worked during this time period;

    d. Thus, since this time period covers approximately eighty-eight (88) weeks of work that Plaintiff was unlawfully underpaid by $95.63, Plaintiff is owed, not including liquidated damages, approximately $8,415.44 ($95.63 x 88 weeks).

55. By wrongfully refusing to pay Plaintiff for overtime hours worked, Defendants violated the FLSA with knowing and/or reckless disregard for the Act's proscriptions.

56. Defendants' knowing and/or reckless disregard for the Act's proscriptions was done without legitimate reason and in bad faith.

57. By reason of the foregoing, Plaintiff has suffered loss and damage in an amount to be determined at trial but estimated to be no less than Eight-thousand four-hundred fifteen Dollars and forty-five cents ($8,415.44) for the period of July 2013 to March 31, 2015, not including liquidated damages.

### AS AND FOR A SECOND COUNT ON BEHALF OF PLAINTIFF
**(Pleading a Cause of Action for Violation of the NYLL, N.Y. Lab. Law § 663(1))**

58. Plaintiff repeats and realleges each allegation in each numbered paragraph above.

59. At all relevant times, Plaintiff was an "employee" within the meaning of the NYLL and a resident at 45-59 168th Street, Flushing, New York 11358.

60. Upon information and belief, Defendant Tokyo was and is an "employer" within the meaning of the NYLL.

61. For the period of October 2009 through Feburary 2010, Plaintiff is owed, not including liquidated damages, approximately $4073:

   a. Plaintiff worked approximately and at least sixty (60) hours per week, but only earned a salary of $313.57 for discharging his employment duties during this time period;

   b. Plaintiff was never paid at a time-and-a-half rate for working approximately and at least twenty (20) hours overtime, per week, during this time period;

    c. The minimum wage during this time period was $7.25 per hour, which means that Plaintiff's time-and-a-half pay should have been $10.875 per each hour worked beyond forty (40) in a given workweek; thus, Plaintiff should have been paid, during this time period, at least $507.50 per week.

    d. Since Plaintiff worked at least sixty (60) hours per week, during this time period, he is owed, in back pay, $193.93 per week ($507.50 – $313.57);

    e. Thus, for the approximately twenty-one (21) weeks of work, during this time period, that Plaintiff was unlawfully underpaid, he is owed, not including liquidated damages, approximately $4073 ($193.93 x 21 weeks).

62.     This $4073 is on top of the $8,415.44 owed Plaintiff for the period he was unlawfully underpaid from July 2013 to March 31, 2015, as delineated above.

63.     Defendants did not have a good faith basis to believe that their actions were in compliance with the law and Defendants' failure and refusal to adequately pay Plaintiff's wages due and owing to him were in violation of the NYLL.

64.     As a result of the foregoing, Plaintiff has been denied lawfully earned wages, and has incurred damages thereby.

65.     By reason of the foregoing, Plaintiff has suffered loss and damage in

an amount to be determined at trial but estimated to be no less than twelve-thousand four-hundred and eighty-nine Dollars ($12,489.00), not including liquidated damages.

66. By reason of the wanton, unrepentant, reckless, and egregious conduct of the individual Defendants herein-above alleged, Plaintiff claims punitive damages.

**WHEREFORE,** Plaintiffs pray this Court grant them judgment containing the following reliefs:

    a. Impanel a jury to hear Plaintiff's claims;

    b. An award to Plaintiff of his actual damages in an amount not less than $12,489.00;

    c. An award of liquidated damages in the amount of one hundred percent for all fees owed under the limitations period of the FLSA and twenty-five percent for all fees owed under the limitations period of the NYLL;

    d. An award of reasonable attorneys' fees;

    e. An order enjoining Defendants from engaging in the future in the wrongful practices alleged herein; and

    f. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      October 1, 2015

                                      Respectfully Submitted,

                                      SAMUEL O. MADUEGBUNA, ESQ.
                                      **MADUEGBUNA COOPER LLP**
                                      Attorneys for Plaintiff
                                      30 Wall Street, 8th Floor
                                      New York, New York 10005
                                      (212) 232-0155

TO:    DEFENDANTS

       TOKYO DISTRIBUTORS, LTD.
       33-35 West 13th Street
       New York, New York 10011

       ARDAVAN SARAFIAN
       145 Arrandale Avenue
       Great Neck, New York 11024-1701

       SHAHRYAR BARATIAN
       145 Arrandale Avenue
       Great Neck, New York 11024-1701

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                                    Docket No.:

---

EDUARDO DUARTE,

                                    *Plaintiff,*

                                *-against-*

**TOKYO DISTRIBUTORS, LTD., ARDAVAN SARAFIAN, SHAHRYAR BARATIAN,** *and* **JOHN** *and* **JANE DOE** *(said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the named Defendants),*

                                  *Defendants.*

---

### COMPLAINT AND JURY DEMAND

---

*Signature (Rule 130-1.1-a)*

_____
*Print name beneath*   **SAMUEL O. MADUEGBUNA, ESQ.**

---

*Yours, etc.*

**MADUEGBUNA COOPER LLP**
*Attorneys for Plaintiff*
*30 Wall Street, 8th Floor*
*New York, New York 10005*
*(212) 232- 0155*

*To: All Counsel of Record*

*Service of the within is hereby admitted on*
_____

*Attorneys for*