**MADUEGBUNA COOPER LLP**
**30 Wall Street, 8th Floor, New York, New York 10005**
**(212) 232 - 0155**

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS**, this Settlement Agreement and Release ("Agreement"") is entered into between Eduardo Duarte ("Plaintiff") and Tokyo Distributors, Ltd. ("Tokyo") and Shahryar Baratian (collectively referred to as "Defendants") to resolve any and all disputes between these parties (collectively Plaintiff and Defendants shall be referred to as the "Parties"); and

**WHEREAS**, on October 1, 2015, Plaintiff filed, in the United States District Court for the Southern District of New York, a complaint in an action entitled "Eduardo Duarte v. Tokyo Distributors, Ltd., Ardavan Sarafian, Shahryar Baratian, and John and Jane Doe (said names being fictitious, the persons intended being those who aided and abetted the unlawful conduct of the named Defendants)", Civil Action No. 15 CV 07769 (the "Action").

**WHEREAS,** on January 22, 2016, Plaintiff filed an Amended Complaint in this Action. Plaintiff's Amended Complaint asserts violations of the Fair Labor Standards Act and New York Labor Law.

**WHEREAS,** on February 12, 2016, Defendants responded to the Amended Complaint by denying all material allegations of wrongdoing, asserting numerous defenses to the claims asserted therein, and asserting counterclaims sounding in defamation, breach of loyalty and tortious interference against Plaintiff;

**WHEREAS,** the Parties acknowledge that there are material factual disputes relating to the amount of hours Plaintiff alleged to have worked for which he claims he was not fully paid, as well as other factual disputes;

**WHEREAS**, Plaintiff and Defendants desire to fully and finally resolve and settle in full all wage and hour claims that Plaintiff had, or may have against Defendants, including, but not limited to, all claims and issues that were raised in the Amended Complaint, as well as the counterclaims asserted by Defendants against Plaintiff; and

**NOW, THEREFORE,** Plaintiff and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. **No Admission of Liability**

By entering into this Agreement, Defendants do not in any way admit liability or wrongdoing toward Plaintiff or anyone else, either implicitly or explicitly. Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendants or any of the Releasees (as defined in paragraph 4(b) below) under any law, ordinance, rule, regulation or order with respect to any claim that Plaintiff or any other person has asserted, could have asserted or may assert in connection with Plaintiff or any other person's relationship with Defendants.

2.    **Consideration**

(a)    Conditioned upon and subject to Defendants' counsel's receipt of an original Agreement signed and notarized by Plaintiff, executed W-9 form from Plaintiff and his counsel, and approval of this settlement agreement by the Court, Defendants will pay Plaintiff a total gross payment of Fourteen Thousand Two Hundred Fifty Dollars and 00/100 ($14,250.00) ("Settlement Payment"). Three Thousand Seven Hundred Fifty Dollars and 00/100 ($3,750) of the Settlement Payment (the "First Payment") will be paid within thirty (30) days of receiving all of the above-mentioned documents and the Court's approval of this Settlement Agreement. The balance of the settlement will be paid in three installments in the amount of Three Thousand Five Hundred and 00/100 Dollars  ($3,500) ("Subsequent Monthly Payments") beginning 45 days after the First Payment is made, and continuing for two additional months until the entire Settlement Payment is paid.

(b)    The First Payment and Subsequent Payments shall be made payable to "Eduardo Duarte", minus all statutory payroll deductions, for which a W-2 will be issued to Plaintiff, and to "Maduegbuna Cooper LLP" for attorney's fees and costs, for which a 1099 will be issued to that firm, based on the following schedule:

(i)    First Payment: $3,750.00 to be allocated as follows:

(A)    $1,785.30 to Plaintiff;

(B)    $1,252.20 for costs;

(C)    $712.50 for attorneys' fees.

(ii)    First Subsequent Payment:

(A)    $2,787.50 to Plaintiff;

(B)    $712.50 for attorneys' fees.

(iii)    Second Subsequent Payment:

(A)    $2,787.50 to Plaintiff;

(B)    $712.50 for attorneys' fees.

(iv)    Third and Final Subsequent Payment:

(A)    $2,787.50 to Plaintiff;

(B)    $712.50 for attorneys' fees.

(c)    The payments under this "Consideration" provision represents a complete settlement, release and waiver of any claims for allegedly lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, and costs, including attorney's fees, in connection with any other relief Plaintiff may seek or claim he may

have against the Releasees, as defined in Section 4(b) below. Plaintiff hereby confirms that, with the payment set forth in sub-paragraph "a" above, all monies due to him, including, but not limited to, all wages, overtime pay, sick pay, personal leave pay, and/or vacation pay, has been paid and fully compensates him for any and all wages or overtime payments alleged to have been owed to Plaintiff by Defendants. Plaintiff hereby confirms and agrees that no other monies or relief are due to him other than the payment provided for in this Agreement in consideration of Plaintiff's general release of all claims that he has, may have or may have had against the Releasees (as defined in Section 4(b) below) as of the date of this Settlement Agreement.

(d)     Plaintiff assumes full responsibility for his respective portion of any and all federal, state and local taxes or contributions related to the Settlement Payment which may hereafter be imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement, except that Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments. Plaintiff agrees and acknowledges that he shall indemnify and hold harmless Defendants for any of Plaintiff's possible federal, state, or local tax liabilities resulting from such payment and that Plaintiff shall reimburse any taxes, interest and/or penalties assessed against Defendants for any of Plaintiff's tax liabilities caused by such payment.

(e)     Plaintiff acknowledges and agrees that he will not receive any of the Consideration except for his execution and delivery of this Settlement Agreement and the fulfillment of the promises contained therein.

## 3.     <u>Voluntary Dismissal with Prejudice</u>

Pursuant to the annexed Order of Discontinuance dated April 15, 2016, the Court discontinued this case with prejudice. To the extent any additional documents are needed to dismiss the action, Plaintiff agrees to execute any such documents.

## 4.     <u>Mutual Releases</u>

(a)     Plaintiff acknowledges and agrees that he is the owner of all claims of any kind which are released pursuant to this Agreement; that no other person or entity has or claims any interest in any potential claims of any kind which are released in this Agreement; that Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed to any other person or entity any claims of any kind which are released pursuant to this Agreement; and that Plaintiff has not authorized any other person or entity to assert on his behalf any claims of any kind which are released pursuant to this Agreement.

(b)     Plaintiff on behalf of his heirs, executors, administrators and/or assigns, hereby releases and discharges Defendants, and their direct and indirect parent corporations, subsidiaries, affiliates, joint ventures, partners and related entities, and its or their predecessors, successors, assigns, principals, officers, directors, partners, employees, consultants, agents, insurers, reinsurers, shareholders, attorneys, representatives and assigns, whether from the past, present or future, and Ardavan Sarafian (collectively referred to as the "<u>Releasees</u>"), of and from any and all legally waivable suits, debts, complaints, claims, liabilities, demands or causes of action, or any right to any other monetary recovery or personal relief, known or unknown, of

whatever nature, which he, or any of his heirs, executors, administrators and assigns ever had or now have against each or any of the Releasees, based upon or arising from any fact or set of facts, whether known or unknown to him, from the beginning of time to the date of execution of this Agreement, including, without limitation, any and all claims arising out of or relating to his employment by Defendants, the cessation of his employment and the Action.  Without limiting the generality of the foregoing, this Release includes any and all legally waivable claims or rights based upon or arising under any federal, state or local fair employment practices or equal opportunity laws including, but not limited to, any and all claims under Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1870, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Worker Adjustment and Retraining Notification Act, the Family and Medical Leave Act, The Fair Labor Standards Act, the New York State Human Rights Law, the New York City Human Rights Law, the New York Labor Law, the New York Executive Law, the New York Wage and Hour Laws, the New York Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the Genetic Information Nondiscrimination Act, each as amended, the common law of the State of New York, and any and all other federal, state or local statutory or common law claims, now or hereafter recognized including, but not limited to, claims of discrimination, unlawful discharge, retaliation, breach of contract, quantum meruit, breach of the covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, fraud, violation of public policy, defamation, physical injury, emotional distress, or claims for additional compensation or benefits arising now or hereafter recognized, as well as any other claims for economic loss, compensatory damages, punitive damages, liquidated damages, attorney's fees, expenses and costs.  This includes a waiver of claims that Plaintiff knows about and claims that he may not know about.

(c)     Defendants, and their direct and indirect parent corporations, subsidiaries, affiliates, joint ventures, partners and related entities, hereby release and discharge Plaintiff of and from any and all legally waivable suits, debts, complaints, claims, liabilities, demands or causes of action, or any right to any other relief, known or unknown, of whatever nature, including the counterclaims asserted by Defendants in this Action, which they, or any of their heirs, executors, administrators and assigns ever had or now have against Plaintiff, based upon or arising from any fact or set of facts, whether known or unknown to them, from the beginning of time to the date of execution of this Agreement.  This includes a waiver of claims that Defendants know about and claims that they may not know about.

## 5.     <u>Additional Understandings</u>

(a)     <u>Confidentiality</u>.  To the extent permitted by law, Plaintiff agrees that he will maintain the strictest secrecy and will not communicate, make known or divulge to any person or agency, any information whatsoever relating to the terms of this Agreement including but not limited to the negotiation, the fact that the Agreement exists, and any other consideration received, except to his immediate family or where disclosure is compelled pursuant to legal process or for reporting purposes to the federal, state or local taxing authorities, or to lawyers or accountants engaged for such purposes or engaged in connection with this Agreement or any dispute arising hereunder, who shall likewise make no disclosures to others.

(b)     <u>Non-Disparagement</u>.  Plaintiff represents, warrants and agrees, for himself and any other representatives while they are acting on his behalf, that Plaintiff has not and will not

engage in any disparaging conduct including, but not limited to, making disparaging or negative statements that are intended to or do damage to the good will of, or the business or personal reputations of, any of the Releasees. This provision applies not only to verbal communications but also to all written communications including, but not limited to, communications through social media/social networking sites such as Facebook, Twitter and the like.

(c)   <u>Cooperation</u>.  Plaintiff agrees that he will not provide testimony in connection with a private lawsuit against the Releasees unless he is compelled to do so by Court Order or Subpoena, and that if Plaintiff is so compelled, he will provide Defendants with prompt notice and make himself available to meet with the Releasees and/or their counsel at a reasonable time and place in advance of providing such testimony.

## 6.   **Exception for Disclosure Pursuant to Law**

Nothing in this Agreement shall prohibit or restrict Plaintiff from: (i) making any disclosure of information required or expressly protected by law, including providing truthful testimony if required to do so by court order or legal or administrative process, provided however, that, to the extent permitted by law, Plaintiff gives Defendants written notice a reasonable time prior to making such disclosure so as to permit the Defendants to take such actions to protect its information as it deems appropriate; or (ii) cooperating, participating or assisting in any investigation or proceeding brought by any federal, state or local regulatory or law enforcement agency or legislative body, including but not limited to the EEOC, federal or state Departments of Labor, or any self-regulatory organization, or the Defendants legal, compliance or human resources officers.

## 7.   **Non-Rehire**

Plaintiff agrees not to apply for or accept employment or reemployment with Defendants or the Releasees, and neither Defendants nor the Releasees have any obligation, contractual or otherwise, to rehire or reemploy him as an employee or as an independent contractor. Plaintiff acknowledges that this Non-Rehire provision is reasonable and necessary for Defendants' legitimate protection of its business interests.

## 8.   **Right to Counsel/Voluntary Waiver**

Defendants hereby advise Plaintiff to consult with a lawyer before executing this Agreement and Plaintiff acknowledges that he:  (i) has consulted with an attorney; (ii) has read this Agreement (including, but not limited to, the "Release" in Section 4 above); (iii) fully understands the terms of this Agreement; and (iv) has executed this Agreement knowingly and voluntarily and without coercion, whether express or implied.

## 9.   **Applicable Law**

This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York.

10.    **Whereas Provisions**

The Parties acknowledge that the "Whereas" provisions set forth above are fully incorporated into the Settlement Agreement as if fully restated in this paragraph.

11.    **Enforceability**

(a)     If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provisions of this Agreement.

By signing below, Plaintiff certifies and acknowledge as follows:

(b)     That he has read the terms of this Agreement and that Plaintiff understands its terms and effects, including the fact that under this Agreement he has agreed to RELEASE AND FOREVER DISCHARGE the Releasees from any legal action arising out of or relating to his employment by Defendants and the cessation of his employment, up and through the date of his execution of this Agreement;

(c)     That Plaintiff has signed this Agreement voluntarily and knowingly in exchange for the consideration described herein, which he acknowledges is adequate and satisfactory to him and which Plaintiff acknowledges is in addition to any other benefits to which he is otherwise entitled;

(d)     That Plaintiff has been and is hereby advised in writing to consult with an attorney prior to signing this Agreement, and that Plaintiff has been given an adequate opportunity to do so; and

(e)     That under this Agreement Plaintiff does not waive rights or claims that may arise after the date this Agreement is executed.


**THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE, FULLY UNDERSTAND IT, AND AGREE TO THE TERMS SET FORTH HEREIN.**

**IN WITNESS WHEREOF,** the parties hereto have set their hands and seal**:**


_____          Date: _____
Eduardo Duarte

6

_____
Tokyo Distributors, Ltd.


By: _____          Date: _____


_____          Date: _____
Shahryar Baratian



**SO ORDERED AND APPROVED:**


_____
Honorable John G. Koeltl